## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| PATRICIA W. BENNETT, M.D., | : | |
| | : | |
| Plaintiff, | : | **Civil Action No. 19-20878-WJM-AME** |
| | : | |
| -against- | : | |
| | : | |
| CITY OF NEWARK, NEWARK DEPT. OF | : | **OPINION AND ORDER** |
| HEALTH & COMMUNITY WELLNESS, | : | |
| NORMA MILANES-ROBERTS, M.D., | : | |
| MARK WADE, M.D., AND KETLEN | : | |
| BAPTISTE-ALSBROOK, | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

**ESPINOSA**, Magistrate Judge

This matter comes before the Court on Plaintiff Dr. Patricia W. Bennett's ("Plaintiff" or "Bennett") motion for leave to file an amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. In her Proposed Amended Complaint ("PAC") [D.E. 71-6], Plaintiff seeks to add a defamation claim and to add additional allegations to her prior claim under the New Jersey Conscientious Employee Protection Act ("CEPA") that the District Court previously dismissed due to a lack of specificity. [D.E. 27, 27 and 60]. The Court has considered Plaintiffs' moving papers [D.E. 71], opposition filed by Defendants City of Newark, Dr. Norma Milanes-Roberts ("Milanes-Roberts"), and Dr. Mark Wade ("Wade") (collectively, the "Defendants") [D.E. 72], and Plaintiff's reply papers [D.E. 73], and decides the motion without oral argument. *See* Fed. R Civ. P. 78(b). For the following reasons, the motion is denied.

I.     **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff, a podiatrist, worked for the Newark Department of Health ("NDH") from July 2015 to November 2018. Compl. [D.E. 1] ¶ 14. Plaintiff alleges that after the NDH hired Milanes-Roberts as Acting Medical Director in October 2018, she began harassing Plaintiff. *Id.* ¶¶ 21-23. During that month, Milanes-Roberts allegedly canceled all of Plaintiff's patient appointments without explanation and isolated Plaintiff from office staff. *Id.* ¶¶ 26-28. The following month, "Plaintiff was written up for insubordination and incompetence (for leaving work at 4:30 p.m. and not staying at night to meet with Dr. Milanes-Roberts) and terminated on November 9, 2018." *Id.* ¶ 31. Plaintiff, who was then 66 years old, alleges that she was "targeted for her age" and that she was terminated in retaliation for raising questions about "the legality of NDH's medical billing practices." *Id.* ¶¶ 33, 35. After Plaintiff's termination, the NDH allegedly sought to hire a less experienced podiatrist to replace Plaintiff. *Id.* ¶ 32.

Plaintiff filed a complaint with the EEOC and received a notice of right to sue on September 3, 2019. *Id.* ¶¶ 11-12. She filed her complaint on November 27, 2019, in which she brought the following claims against Newark, the NDH,[1] Milanes-Roberts, Wade, and Ketlen Baptiste-Alsbrook: violation of the Age Discrimination in Employment Act ("ADEA") (Count 1); violation of the New Jersey Law Against Discrimination ("LAD") (Count 2); aiding and abetting liability (Count 3); and violation of the New Jersey Conscientious Employee Protection Act ("CEPA") (Count 4).

---

[1] The parties later stipulated and the District Court ordered that the NDH would be dismissed from the case. [D.E. 47].

Milanes-Roberts and Baptiste-Alsbrook moved to dismiss the complaint [D.E. 7 and 17], and Plaintiff cross-moved to amend [D.E. 22]. On August 3, 2020, the District Court granted in part and denied in part the motions to dismiss and denied the cross-motion to amend as futile. Specifically, the District Court dismissed all claims against Baptiste-Alsbrook but did so without prejudice, granted Milanes-Roberts's motion as to Plaintiff's CEPA claim (Count 4), and denied Milanes-Roberts's motion as to the aiding and abetting claim. Regarding the CEPA claim, the District Court found that Plaintiff "fail[ed] to articulate what the wrongful … practices were, who engaged in them and when, who she complained to, what she said (i.e., whether she performed a "whistle-blowing" function), or when." [D.E. 27 at 3]. The Court explained that "[w]hile exact details are unnecessary," Plaintiff "must offer something more than legal conclusions disguised as facts or threadbare recitals of elements." *Id.* The District Court also denied Plaintiff's cross-motion to amend as futile because the proposed pleading did not cure the deficiencies that the Court identified. *Id.* at 4. The District Court permitted Plaintiff to file an amended complaint curing the deficiencies within 30 days (by September 2, 2020), but warned Plaintiff that "failure to do so may result in denial of future opportunities to amend." *Id.* Plaintiff did not file an amended pleading by that date. In March 2021, the Court ordered that any motion to amend any pleading must be filed by May 4, 2021. [D.E. 46]. No such motion was filed by that deadline, which was never extended.

In December 2021, the parties wrote letters concerning their disagreement about whether the District Court had dismissed the CEPA claim as to just the moving Defendants Milanes-Roberts and Baptiste-Alsbrook or as to all Defendants. [D.E. 57 and 58]. On January 8, 2022, the District Court clarified that it dismissed the CEPA claim as to all Defendants. [D.E. 60].

Fact discovery closed in February 2022. [D.E. 65]. In May 2022, Plaintiff requested leave of Court to file a motion to amend her pleading [D.E. 68], which the Court granted [D.E. 70].  In June 2022, Plaintiff filed this motion in which she seeks to add a defamation claim and a CEPA claim.

## II.     DISCUSSION AND ANALYSIS

### A.  Motion to Amend Standard

Plaintiff filed her motion to amend long after the September 2, 2020 deadline set by the District Court, and a year after the May 4, 2021 deadline set in a scheduling order issued by the Magistrate Judge to whom this matter was previously assigned.[2] Accordingly, the motion is therefore subject not only to Rule 15(a), but also to the more stringent standard of Rule 16(b)(4).

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a party brings a motion to amend the complaint after the court-ordered deadline, the party must first demonstrate that there is "good cause" to modify the Court's scheduling order. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The Court's inquiry in determining the existence of good cause "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp*, 614 F.3d 57, 84 (3d Cir. 2010).

If a plaintiff demonstrates good cause, the court then proceeds to apply the standard applicable to motions to amend, pursuant to Rule 15(a). While Rule 15(a)(2) plainly states that leave must be freely given, it is equally well-established that, in the court's discretion, leave to amend may be denied for various equitable reasons such as "undue delay, bad faith or dilatory

---

[2] The Honorable Mark Falk, Chief Magistrate Judge, presided over this matter until September 27, 2021. [D.E. 53].

4

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citing *Foman*).

Delay is undue "when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citing *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001)). In making this determination, the Court "focus[es] on the movant's reasons for not amending sooner," *Cureton*, 252 F.3d at 273, and balances "these reasons against the burden of delay on the District Court." *Bjorgung*, 550 F.3d at 266 (citing *Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 520 (3d Cir. 1988)).

**B.  Plaintiff's Proposed Defamation Claim**

Plaintiff seeks to add a defamation claim against Defendants based on their allegedly false statements that Plaintiff used rusty instruments on patients. Under New Jersey defamation law, "the plaintiff bears the burden of establishing, in addition to damages, that the defendant '(1) made a defamatory statement of fact (2) concerning the plaintiff (3) which was false, and (4) which was communicated to a person or persons other than the plaintiff.'" *Petersen v. Meggitt*, 407 N.J. Super. 63, 969 A.2d 500, 507 (N.J. Super. Ct. App. Div. 2009) (quoting *Feggans v. Billington*, 291 N.J. Super. 382, 677 A.2d 771, 775 (N.J. Super. Ct. App. Div. 1996)). New Jersey law also imposes a one-year statute of limitations on a claim for defamation, N.J.S.A. 2A:14-3, that begins to run from the date of publication. *Farzan v. United Parcel Serv., Inc.*, Civ. No. 10-1417, 2011 U.S. Dist. LEXIS 88498, 2011 WL 3510860, at *3 (D.N.J. Aug. 8, 2011).

While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

Here, Defendants argue that Plaintiff's proposed defamation claim is time-barred. [D.E. 72 at 13-15]. Although the PAC does not specify the date(s) on which Defendants made the defamatory statements, Plaintiff alleges that these statements caused her termination. [D.E. 71-6, ¶ 79] ("As a result of the statements … Dr. Bennett's employment was terminated."). Plaintiff alleges that she was terminated on November 13, 2018 [D.E. 71-6, ¶ 13], and thus, necessarily alleges that Defendants made the defamatory statements before that date.[3] However, Plaintiff did not file this suit until November 27, 2019, which is more than one year later. The relation back doctrine, cited by Plaintiff [D.E. 73 at 5], cannot resuscitate this defamation claim that was already time-barred when the initial complaint was filed. Therefore, permitting Plaintiff to add the defamation claim would be futile because it is time-barred on its face.[4] Because adding the

---

[3] Plaintiff alleges elsewhere that she was terminated on November 9, 2018. [D.E. 71-6, ¶ 30]. For purposes of this motion, the Court will give Plaintiff the benefit of the later-in-time alleged termination date, November 13, 2018.

[4] Plaintiff also argues in her reply brief that Defendants republished the defamatory statement in a February 2019 submission to the EEOC, which she contends can serve as the basis for a timely defamation claim. [D.E. 73 at 6; D.E. 73-4]. But this allegation appears only in Plaintiff's brief and not in the PAC and, in any event, any such statement to the EEOC is not actionable because it was made in a quasi-judicial proceeding and is privileged. *Applebaum v. Fabian*, No. 18-11023, 2021 U.S. Dist. LEXIS 236256, at *30 (D.N.J. Dec. 9, 2021) (New Jersey litigation privilege provides immunity from liability and grants an absolute privilege to a defamatory statement made in the course of a quasi-judicial proceeding, so long as the statement is relevant to the proceeding); *see also Carroll v. ABM Janitorial Servs.-Mid Atl.*, 970 F. Supp. 2d 292, 300 (D. Del. 2013) ("The absolute privilege bars Plaintiff's defamation claims based upon communications made by Defendant, its attorneys, and employees during the course of the DDOL and EEOC litigation."); *Allen v. St. Cabrini Nursing Home, Inc*, No. 00-8558, 2001 U.S. Dist. LEXIS 3340, at *16 (S.D.N.Y. Mar. 9, 2001) (defendants response to plaintiff's allegations, as filed with the EEOC, "is a privileged communication" and plaintiff's defamation claim "arising from these statements is … dismissed for failure to state a claim on which relief can be granted."); *Puchalski v. Sch. Dist. of Springfield*, 161 F. Supp. 2d 395,

proposed defamation claim would be futile, the Court need not consider whether there is good cause under Rule 16(b)(4) for this particular amendment.

### C.  Plaintiff's Proposed CEPA Claim

As discussed above, Plaintiff sought leave to file a motion to amend her CEPA claim in May 2022, long after the September 2, 2020 deadline set by the District Court and the May 4, 2021 deadline set by the Court's scheduling order. Plaintiff belatedly moved to amend in 2022 despite the District Court's explicit warning to her that the failure to amend her pleading by September 2, 2020, could result in denial of future opportunities to amend. [D.E. 27 at 4].

Defendants argue that Plaintiff was "dilatory" in seeking this amendment due to the passage of time described above. [D.E. 72 at 7]. Defendants also contend that they would be prejudiced by this amendment because they "already deposed parties on the premise that the CEPA claim was dismissed, thus disadvantaging, and prejudicing them by having to exert additional time, money, and effort to re-depose witnesses to address a previously non-existent CEPA claim." *Id.* Plaintiff does not even argue that she has good cause to amend her CEPA claim at this late juncture or that her delay in seeking the amendment is justifiable.

The Court finds that Plaintiff, who waited a year-and-a-half to seek leave to amend her CEPA claim and offers no excuse for missing Court-ordered deadlines, did not exercise reasonable diligence, and therefore that "good cause" does not exist under Rule 16(b)(4) to permit her to amend her previously-dismissed CEPA claim. *See Strategic Prods. & Servs., LLC v. Integrated Media Techs., Inc.,* No. 18-694, 2020 U.S. Dist. LEXIS 180316, at *8 (D.N.J. Sep.

---

408 (E.D. Pa. 2001) (observing that the defendant's "statement to the EEOC that [plaintiff] made a racial comment is absolutely privileged").

30, 2020) (holding plaintiff was not diligent in seeking leave to amend until a year after the amendment deadline, even though it had relevant information "months earlier").

The Court also finds that by waiting so long to seek to amend the CEPA claim, Plaintiff engaged in undue delay, and that permitting amendment would place a significant and unwarranted burden on Defendants in this case where fact discovery is already closed. *See Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (when deciding whether a proposed amendment would be prejudicial, courts may consider whether it "would result in additional discovery, cost, and preparation to defend against new facts or new theories"); *Israel v. Smith*, No. CV 13-97, 2014 U.S. Dist. LEXIS 202665, 2014 WL 12915232, at *7 (D.N.J. Oct. 7, 2014) ("any inquiry into delay must go hand in hand with an analysis of the prejudice that delay would cause"). Moreover, reviving a previously dismissed CEPA claim at this stage in the case—long after the amendment deadline and following the completion of fact discovery—renders the complaint a "moving target." *Berk v. Ritz Carlton Condo. Ass'n*, No. 19-20666, 2021 U.S. Dist. LEXIS 218974, at *14 (D.N.J. Nov. 12, 2021) (noting that courts have "rightly rejected" a "moving target" approach to amendments; "wait and see tactics amount to undue delay and would prejudice the defendants"). Therefore, Plaintiff's motion is also denied as to the CEPA claim.

### III.   CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's motion is denied.

Accordingly,

**IT IS** on this 19th day of October 2022,

**ORDERED** that Plaintiff's motion for leave to file an Amended Complaint [D.E. 71] is **DENIED**; and it is further

**ORDERED** that the Court will hold a status conference on November 1, 2022, at 3:00 p.m. To join the conference, dial 866-434-5269 and enter access code 1874589#. By October 27, 2022, the parties shall file on CM/ECF a joint letter updating the Court on the status of this matter including the completion of expert discovery.

                 */s/ André M. Espinosa*
                 ANDRÉ M. ESPINOSA
                 United States Magistrate Judge