UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA W. BENNETT, M.D.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, *et al.*,<br><br>　　　　Defendants. | Civ. No. 19-CV-20878 (WJM)<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.

This matter comes before the Court on Plaintiff Patricia W. Bennett's ("Plaintiff") appeal of Magistrate Judge Andre Espinosa's October 19, 2022 Opinion and Order denying Plaintiff leave to file an amended complaint. ECF No. 74. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the Magistrate's decision is **AFFIRMED**.

### I.　BACKGROUND

The underlying facts and procedural history of this matter were laid out in the Magistrate's Opinion, familiarity with which is assumed. ECF No. 74. The Court will only discuss the relevant facts below. This Court previously granted in part and denied in part the motions to dismiss and denied the cross-motion to amend as futile. ECF Nos. 26, 27. This Court permitted Plaintiff to file an amended complaint curing the deficiencies within 30 days, September 2, 2020, and warned that "failure to do so may result in denial of future opportunities to amend." *Id.* Plaintiff failed to amend her pleadings and on March 22, 2021, Judge Espinosa ordered that any motion to amend must be filed by May 4, 2021. No such motion was filed, and the deadline has not been extended. In May of 2022, Plaintiff requested leave to file a motion to amend her pleading, which Judge Espinosa granted. ECF No. 70. On October 19, 2022, Judge Espinosa denied Plaintiff's motion and this appeal ensued.

In her Proposed Amended Complaint ("PAC"), Plaintiff seeks to add a defamation claim and amplify the allegations for her previously dismissed New Jersey Conscientious Employee Protection Act ("CEPA") claims to include pertinent facts learned through discovery. Plaintiff contends leave to amend should have been granted in the interests of justice because during discovery "Plaintiff located documents which establish the specificity of her CEPA claim." Pl. Mot. at 4. Plaintiff argues there was no undue delay in asserting the CEPA claim as Defendants Norma Milanes-Roberts, Mark Wade, and the City of Newark (collectively, "Defendants") were aware of the complaints from the documents produced in discovery. Defendants contend Plaintiff provided no basis or evidence that the Magistrate's

Opinion and Order was clearly erroneous, an abuse of discretion, or contrary to law. Def. Opp. at 6-9.[1]

## II. LEGAL STANDARD

Motions to amend a complaint are considered nondispositive. *See Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998). A district court reviewing a magistrate's resolution of nondispositive matters "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

A finding is clearly erroneous only if the court reviewing "the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A ruling is contrary to law if the magistrate misapplied or misinterpreted applicable law. *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). The Court reviews findings of fact for clear error and legal conclusions de novo. *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).

## III. DISCUSSION

### A. Good Cause to Amend

The Court has reviewed the Opinion, considered the parties' arguments, and finds no errors of fact or law. Judge Espinosa correctly analyzed the parties motions under Fed. R. Civ. P. 16(b)(4), which requires good cause to modify a schedule. Plaintiff filed her motion to amend her complaint well after this Court's September 2, 2020 deadline and Judge Espinosa's May 4, 2021 scheduling order deadline. Judge Espinosa found that Plaintiff failed to show good cause to amend her previously-dismissed CEPA claim because she "waited a year-and-a-half to seek leave to amend her [ ] claim, [offered] no excuse for missing Court-ordered deadlines, [and] did not exercise reasonable diligence." He also found that by waiting so long to seek to amend her claim, Plaintiff engaged in undue delay and, if allowed, an amendment would place an unwarranted burden on Defendants since fact discovery has already closed. With respect to the proposed defamation claim, Judge Espinosa found that such addition would be futile since Plaintiff is time barred and the relation back doctrine cannot resuscitate the claim.[2]

The Court finds Judge Espinosa correctly applied Rule 16 to Plaintiff's motion to amend. Rule 16(b) of the Federal Rules of Civil Procedure governs amendment of pleadings once a scheduling order has been entered. *See Eastern Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000). Rule 16 provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. P. 16(b). Good cause depends on the diligence of the moving party. *Globespanvirata, Inc. v. Texas Instruments Inc.*, 2005 WL 1638136, *3 (D.N.J. Jul. 12, 2005). The moving party must show that despite its diligence, it

---

[1] Defendants further argue that Plaintiff failed to timely make CEPA amendments and the proposed defamation claim is time-barred. Def. Opp. at 9-13.

[2] Plaintiff's appeal does not address Judge Espinosa's ruling that the defamation claim is time barred, therefore, the Court will not address it.

2

could not reasonably have met the scheduling order deadline. *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Further, the absence of prejudice to the nonmovant is not a consideration under the good cause standard. *Globespanvirata, Inc.*, 2005 WL 1638136 at *3.

On appeal, Plaintiff does not dispute that she lacks good cause to seek leave to amend, but rather argues that justice requires it and Defendant would not be prejudiced by any such amendment. Plaintiff has missed two previous Court deadlines for amending her complaint, September 2, 2020 and May 4, 2021, and has not provided any convincing reason for the delay. Absent good cause, there is no reason to modify the scheduling order. Consequently, the decision below is affirmed.

### B. Attorneys' Fees

Defendants request the Court grant attorneys' fees incurred in preparing and filing their briefings for this appeal. Defendants do not cite to a rule, but broadly allege "frivolous litigation," "prejudicial motions," and "dilatory tactics." The Court assumes Defendants are seeking Rule 11 sanctions, which must be made separately from any other motion. "[A] motion for sanctions *must be made separately* from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). (emphasis added). Defendants request for attorneys' fees is **DENIED WITHOUT PREJUDICE**.

### IV.   CONCLUSION

For the reasons set forth above, Judge Espinosa's Opinion and Order, ECF No. 74, is **AFFIRMED** and Defendants request for attorneys' fees is **DENIED WITHOUT PREJUDICE**.

An appropriate Order shall follow.

_____
WILLIAM J. MARTINI, U.S.D.J.

**Date: March 14, 2023**

3